IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                    CRIMINAL ACTION NO.   3:19-00246-01

GEORGE DEVONTE LANGFORD
    also known as "J.P." and "Mike"

## MEMORANDUM OPINION AND ORDER

Pending before the Court are two motions filed by Defendant George Devonte Langford. First, Defendant moves to Strike References to Aliases in the Second Superseding Indictment. ECF No. 192. Second, Defendant moves to Dismiss Count Two of the Second Superseding Indictment. ECF No. 218. The United States opposes both motions. Upon consideration by the Court, the motions are **DENIED**.

On January 15, 2020, a Second Superseding Indictment was filed against Defendant and six other individuals for a variety of drug offenses and a firearm offense.[1] ECF No. 162. Defendant is named in four of the nineteen counts. In all four counts and the style of the case, Defendant is referred to as George Devonte Langford, "also known as 'J.P' and 'Mike.'" *Superseding Indictment* at Cts. 1, 2, 4, and 6. In his first motion, Defendant argues these aliases should be struck from the Second Superseding Indictment as they are mere surplusages and unduly prejudicial. Specifically, Defendant argues that much of the Government's evidence involves phone calls with references to "J.P." and "Mike." Additionally, Defendant anticipates that some

---

[1] Defendant Langford is not named in relation to the firearm offense.

of the Government's witnesses will testify they dealt with someone by the name of "J.P." and/or "Mike," but they did not know his real name. Defendant disputes that he is the person described in those calls and by the witnesses. Thus, insomuch as identification is essential to his defense, Defendant argues the Court should strike the references in the Second Superseding Indictment because it, in effect, establishes an element of the Government's case and is unduly prejudicial. Moreover, Defendant insists the Government is in no way prejudiced by the aliases being struck. The Government remains free to present evidence that "J.P." and "Mike" are, in fact, Defendant.

Initially, the Court recognizes that an indictment is not evidence and the jury will be instructed to that fact. Nevertheless, Rule 7(d) of the Federal Rules of Criminal Procedure provides that, "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). Such a motion "should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *United States v. Williams*, 445 F.3d 724, 733 (4th Cir. 2006) (quoting *United States v. Rezaq*, 134 F.3d 1121, 1134 (D.C. Cir. 1998)) (internal quotation marks and other citation omitted). Additionally, the Fourth Circuit has held that, "[i]f the Government intends to introduce evidence of an alias and the use of that alias is necessary to identify the defendant in connection with the acts charged in the indictment, the inclusion of the alias in the indictment is both relevant and permissible, and a pretrial motion to strike should not be granted." *United States v. Clark*, 541 F.2d 1016, 1018 (4th Cir. 1976).

Here, the Government states it anticipates that witnesses will testify they know Defendant by the initials "J.P." The Government also states it may introduce intercepted

communications in which Defendant calls himself "Mike." Therefore, as the evidence of aliases is necessary for identification purposes, the Court finds the inclusion of that evidence is both relevant and permissible, and the Court **DENIES** the motion to strike.

Turning to Defendant's next motion, he argues Count Two of the Second Superseding Indictment must be dismissed because the only evidence the Government has to support the charge is the testimony of a single cooperating witness. In Count Two, Defendant is charged with aiding and abetting possession with intent to distribute 50 grams or more of methamphetamine at or near Scott Depot, West Virginia, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Defendant states he anticipates the cooperating witness will testify that she had a telephone conversation with him on or about June 11, 2019, and he told her to meet another individual to obtain a quantity of methamphetamine. However, as argued by the Government, whether this evidence is sufficient to convict Defendant of the charged offense is a factual question for the jury to determine, and a conviction can be sustained on the uncorroborated testimony of a single witness. *See United States v. Savage*, 885 F.3d 212, 219 (4th Cir.), cert. denied, 139 S. Ct. 238 (2018) ("[T]he law in this Circuit is well settled that uncorroborated testimony of an accomplice may be sufficient to sustain a conviction." (internal quotation marks and citation omitted)). Therefore, the Court finds Defendant's argument is without merit.

Additionally, the Court rejects Defendant's argument that venue cannot be established because there is no evidence he was ever in the Southern District of West Virginia or the telephone conversation with the cooperating witness took place here. However, it is well established that "[a]n aider and abettor may be prosecuted in the district in which the principal

acted in furtherance of the substantive crime." *United States v. Kibler*, 667 F.2d 452, 455 (4th Cir. 1982) (citations omitted). Here, the Government asserts the evidence will prove that the methamphetamine the cooperating witness obtained was possessed and seized in Scott Depot, West Virginia, which is within this judicial district. Thus, regardless of Defendant's location, venue is proper.

Accordingly, for the foregoing reasons, the Court **DENIES** Defendant's Motion to Strike References to Aliases in the Second Superseding Indictment (ECF No. 192) and his Motion to Dismiss Count Two of the Second Superseding Indictment. ECF No. 218.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

    ENTER:    May 11, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE